J-S43041-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES JOSEPH LUCAS | : | |
| | : | |
| Appellant | : | No. 542 WDA 2020 |

Appeal from the PCRA Order Entered April 3, 2020
In the Court of Common Pleas of Crawford County
Criminal Division at No(s):  CP-20-CR-0000369-2017


BEFORE:  SHOGAN, J., STABILE, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED FEBRUARY 02, 2021**

Appellant, James Joseph Lucas, appeals *pro se* from the order entered in the Crawford County Court of Common Pleas, which dismissed as untimely his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On December 29, 2017, Appellant entered a negotiated guilty plea to third-degree murder.  That same day, the court sentenced Appellant in accordance with the plea agreement to twenty (20) to forty (40) years of incarceration.  Appellant did not file a post-sentence motion or a direct appeal.  On February 1, 2018, plea counsel filed a motion to withdraw representation.  The certificate of

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

service attached to the motion indicates that Appellant was served with the motion at "CCJ," which is the Crawford County Correctional Facility. (*See* Certificate of Service, dated 2/1/18). On February 5, 2018, the court granted plea counsel's withdrawal motion.

On September 20, 2019, Appellant filed a *pro se* PCRA petition. The court appointed counsel, and counsel filed a **Turner**/**Finley**[2] no-merit letter on November 25, 2019. On December 13, 2019, Appellant filed a *pro se* objection to the no-merit letter. On December 18, 2019, the court permitted PCRA counsel to withdraw, and issued notice of its intent to dismiss Appellant's petition without a hearing, pursuant to Pa.R.Crim.P. 907. Although Appellant subsequently responded to the Rule 907 notice, the court dismissed the PCRA petition as untimely filed on April 3, 2020.

Appellant timely filed a *pro se* notice of appeal on Monday, May 4, 2020. The court did not order a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant filed none.

Appellant raises the following issue:

> Did the PCRA court err in its legal conclusion that Appellant failed to establish a timeliness exception to the jurisdictional [time-bar] of the PCRA thus precluding review on the merits of his claims?

(Appellant's Brief at 4).

---

[2] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

Appellant argues plea counsel failed to consult with Appellant following sentencing about his post-sentence/appellate rights, and counsel abandoned him by filing a motion to withdraw. Appellant asserts he wanted to withdraw his guilty plea and proceed to trial on a "heat of passion" defense. Appellant further claims the trial court sentenced him without the benefit of a pre-sentence investigation report, imposed fines without considering Appellant's ability to pay, and failed to issue an individualized sentence that took into consideration Appellant's low I.Q., special education history, or whether Appellant understood the nature of the proceedings against him.

Although Appellant acknowledges the facial untimeliness of his PCRA petition, Appellant insists he has satisfied two exceptions to the timeliness requirement. Appellant stresses that he was never served with counsel's motion to withdraw or the order granting counsel's motion. Appellant maintains that plea counsel's failure to inform him of counsel's withdrawal satisfies the "newly-discovered facts" exception to excuse his untimely filing. Appellant also avers that the court's failure to inform him of plea counsel's withdrawal satisfies the "governmental interference" exception to the time-bar. Appellant emphasizes that he did not learn of plea counsel's withdrawal until May 10th or 13th of 2019, after Appellant requested a docketing statement from the Clerk of Courts based on the advice of fellow prisoners. Appellant claims he exercised due diligence in making this discovery in light of Appellant's inexperience with the criminal justice system and intellectual

- 3 -

disabilities. Appellant proclaims he timely filed his PCRA petition within one year of learning about counsel's withdrawal from the case. Appellant submits that had he learned of counsel's withdrawal at the time the court granted counsel's motion, Appellant "could have done more to protect his rights." (Appellant's Brief at 14). Appellant concludes this Court should vacate the order denying PCRA relief and remand for further proceedings. We disagree.

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Zeigler*, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Generally, to obtain merits review of a PCRA petition filed more than one year after the sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting a timeliness exception must also file the petition within the required statutory window. 42 Pa.C.S.A § 9545(b)(2).

"The proper question with respect to [s]ubsection 9545(b)(1)(i)'s timeliness exception is whether the government interfered with Appellant's ability to present his claim and whether Appellant was duly diligent in seeking the facts on which his claims are based." *Commonwealth v. Chimenti*, 218 A.3d 963, 975 (Pa.Super. 2019), *appeal denied*, ___Pa.___, 229 A.3d 565 (2020). In other words, an appellant is required to show that he would have filed his claim sooner, if not for the interference of a government actor. *Commonwealth v. Staton*, 646 Pa. 284, 184 A.3d 949 (2018).

To meet the "newly-discovered facts" timeliness exception set forth in Section 9545(b)(1)(ii), a petitioner must demonstrate "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015). Due diligence demands that a PCRA petitioner take reasonable steps to protect his own interests. *Id.*

Instantly, the court sentenced Appellant on December 29, 2017. Appellant did not file a notice of appeal, and his judgment of sentence became

final thirty days later, on January 28, 2018. **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(c)(3). Thus, Appellant had until January 28, 2019, to file a timely PCRA petition. Appellant did not file his current PCRA petition until September 30, 2019, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1).

Even if we were to accept Appellant's assertions that he did not receive notice of counsel's withdrawal from the case until May 2019, Appellant fails to demonstrate the exercise of due diligence in making this discovery. **See, e.g., Commonwealth v. Carr**, 768 A.2d 1164, 1168 (Pa.Super. 2001) (holding that trial counsel's failure to file direct appeal was discoverable during appellant's one-year window to file timely PCRA petition; "A phone call to his attorney or the clerk of courts would have readily revealed that no appeal had been filed"). Similarly, Appellant could have written to plea counsel or the court within the one-year statutory window to uncover whether counsel was still representing Appellant or if there were any filings pending in his case. **See id.** Consequently, we agree with the PCRA court that Appellant failed to satisfy the due diligence required to prevail on his asserted time-bar exceptions. (**See** Rule 907 Notice Opinion, filed December 18, 2019, at 6). **See also Chimenti, supra**; **Staton, supra**; **Brown, supra**. Therefore, Appellant's petition remains time-barred. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/02/2021